UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NAYYAR PERVAIZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-2118-KJM-KJN PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Muhammad Nayyar Pervaiz seeks judicial review of a final decision by the Commissioner of Social Security determining that plaintiff was not eligible for Retirement Insurance Benefits ("RIB"). The Commissioner lodged the administrative record containing the administrative law judge's ("ALJ") decision (ECF No. 23), and the parties filed cross-motions for summary judgment along with supplemental records (ECF Nos. 31-33), all of which have been considered by the court. For the reasons discussed below, the court RECOMMENDS that the Commissioner's final decision be AFFIRMED.

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

To the extent that plaintiff seeks to challenge an ALJ's September 29, 2000 denial of a prior application for Disability Insurance Benefits, this court lacks jurisdiction over any such claim, because plaintiff failed to appeal that ALJ's decision to the Appeals Council. (AT 220-26.) As such, that decision is administratively final and non-appealable. See 20 C.F.R. § 404.955.

The main focus of plaintiff's present federal court appeal, as noted above, is that another ALJ's April 12, 2016 decision improperly determined that plaintiff was ineligible for RIB; more specifically, that he did not have sufficient work credits to qualify for RIB. (AT 12-14.) That decision became the final decision of the Commissioner when the Appeal's Council denied review on August 26, 2016. (AT 5-7.) Because plaintiff earned 11 work credits in the United States, 22 work credits in the United Kingdom, and 10 work credits in Germany (totaling 43 work credits), plaintiff contends that he earned more than the 40 work credits required in his case to qualify for RIB. (AT 82, 90.) 42 U.S.C. §§ 414(a), 433(a). However, as the ALJ explained, totalization agreement policies with respect to social security systems of foreign countries do not allow combining work credits from more than one foreign country. (AT 13-14.) See Program Operations Manual System (POMS) GN 01701.100 & GN 01701.115 ("U.S. periods of coverage may be combined with coverage from only one foreign country to determine entitlement to a U.S. Totalization benefit.").[1] Applying the rules and policies most favorable to plaintiff, that is by

---

[1] The POMS is an internal Social Security Administration document outlining *inter alia* various policies of the Commissioner. Although the POMS does not have the force of law, it is nonetheless persuasive authority. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1005 (9th Cir. 2006).

2

combining his United States and United Kingdom work credits, he has 33 total work credits, and is thus not eligible to receive RIB. Consequently, the court finds the ALJ's decision to be supported by the record and by the proper analysis, and recommends that it be affirmed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 31) be DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 32) be GRANTED.
3. The final decision of the Commissioner be AFFIRMED.
4. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: December 21, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE